IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID YOKEM, § | | |
|     Plaintiff § | | |
| § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| PORTFOLIO RECOVERY § | | |
| ASSOCIATES, INC. d/b/a IGS § | | |
|     Defendant § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW David Yokem (hereinafter "Plaintiff"), Plaintiff in the above-numbered and styled case, complaining of and against Portfolio Recovery Associates, Inc., d/b/a IGS (hereinafter "Defendant"), and for cause of action would respectfully show the following:

**I.
Introduction**

1.  This is an action bought by Plaintiff, an individual consumer, against Defendant, Portfolio Recovery Associates, Inc., d/b/a IGS, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.,* (hereinafter "FDCPA"), the Texas Debt Collection Act (hereinafter "TDCA") TEX. FIN. CODE §392 *et seq.*, and the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.40 (hereinafter "TDTPA"). Plaintiff seeks to recover monetary damages for Defendant's violations of the FDCPA, the TDCA, and the TDTPA.

1

## II.
### JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Supplemental jurisdiction for the state law claims is afforded by 28 U.S.C § 1367.

Jurisdiction and Venue is proper before this Court as Plaintiff and/or Defendant reside in this District and/or the complained of actions occurred in this District.  Service may be made upon Defendant in any other district in which is may be found pursuant to 29 U.S.C. § 1132(e)(2).

## III.
### Parties

3.  Plaintiff David Yokem is a natural person residing in Harris County, Texas.  At all times relevant to this claim, Plaintiff was a consumer as that term is defined in the FDCPA 15 U.S.C. §1692a(3) and TDCA § 392.001(2).

4.  Defendant, Portfolio Recovery Associates, Inc., d/b/a IGS, is a Delaware corporation engaged in the business of collecting debts in this state with its principal place of business located at 120 Corporate Blvd., Norfolk, Virginia 23502.  The principal purpose of Defendant is the collection of debts and defendant regularly attempts to collect debts alleged to be due another.  Defendant does not maintain a registered agent for service in Texas, and therefore, process may be served upon the Texas Secretary of State at 1019 Brazos, Austin, Texas 78701.

5.  Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and

TDCA §392.001(6).  Additionally, the actions of Defendant, which are the subject of this complaint, were undertaken pursuant to a "debt collection," as defined by Tex. Fin. Code § 392.001(5), and therefore, Defendant is a "debt collector" as defined by Tex. Fin. Code §392.001(6).

## IV.
## Factual Background

6. Plaintiff purchased a Harley Davidson motorcycle (VIN # 1HD1JDB125Y064286).  Plaintiff was current on all payments for said motorcycle yet Defendants attempted to collect unjustifiable monies from Plaintiff.

7. On May 15, 2007, Plaintiff received a bill from Harley Davidson which included fees not associated to his account.

8. Plaintiff disputed said amounts yet the account was turned over to Defendants for collection.

9. When attempting to collect on the alleged debt, Defendants violated the FDCPA, TDCPA, and TDTPA in many fashions.

10. The most egregious acts were those of the Defendant claiming that they were affiliated with the Harris County criminal court system and stating that this collection was no longer a civil matter but instead a criminal proceeding, that Plaintiff has committed a third degree felony and that an arrest warrant had been issued.

11. As a result, Defendant's actions and misrepresentations have caused Plaintiff actual damages.

## V.
### CAUSES OF ACTION

**FDCPA CLAIMS**

12. Plaintiff repeats and re-alleges the preceding paragraphs as though there were fully incorporated herein.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant failed to send Plaintiff a validation notice within five days of the initial communication, either written or oral.

   (b) After Plaintiff requested validation of the debt, Defendant continued collection activities.

   (c) Defendant's communication contained a false impression of the character, amount, or legal status of the alleged debt.

   (d) Defendant used false, deceptive, or misleading representations or means in connection with the debt collection.

   (e) Defendant attempted to collect any amount not authorized by any agreement creating a debt.

   (f) Defendant's communication creates confusion about the Plaintiff's rights.

   (g) Defendant used unfair or unconscionable means to attempt to collect the alleged debt.

   (h) Defendant's communication threatens to communicate, and communicates, credit information which is known or should be known to be false, including the failure to communicate that the dispute debt is disputed.

14. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**TDCPA Claims**

15.  Plaintiff repeats and re-alleges the foregoing paragraphs as though they were fully incorporated herein.

16.  In addition to the foregoing violations, Defendant has violated the TDCPA by:

 (a) Continuing collection activities on a disputed debt without conducting an investigation of the debt in violation of TEX. FIN. CODE § 392.202;

 (b) Making threats and attempting to coerce Plaintiff in violation of TEX. FIN. CODE §392.301;

 (c) Using oppressive tactics and harassing Plaintiff in violation of TEX. FIN. CODE § 392.302;

 (d) Using unfair and unconscionable means in its efforts to collect the debt in violation of TEX. FIN. CODE § 392.303; and

 (e) Making fraudulent, deceptive, and misleading representations in its efforts to collect the debt in violation of TEX. FIN. CODE § 392.304.

**TDTPA Claims**

17.  Plaintiff repeats and re-alleges the foregoing paragraphs as though they were fully incorporated herein.

18.  Pursuant to Texas Finance Code §392.404, a violation of Chapter 392 is a deceptive trade practice under Subchapter E, Chapter 17 of the Texas Business and Commerce Code, and is actionable under that subchapter.

As a result of the knowing and/or intentional violations under the TDTPA, Plaintiff is entitled to treble damages.

**Fraud**

19.  Plaintiff repeats and re-alleges the foregoing paragraphs as though they were fully incorporated herein.

20. Defendant intentionally misrepresented to Plaintiff by knowingly, deceitfully and fraudulently representing that they were affiliated with Harris County court system and representing that Plaintiff committed a third degree felony and that a warrant had been issued for his arrest.

21. Defendant knew that each of the above representations to Plaintiff was false.

22. Defendant knew its representations were false when made and did intend to induce the Plaintiff to give up possession of the motorcycle or to pay funds.

23. As a direct and proximate result of the Defendant's acts and omissions, Plaintiff has incurred the costs of this action to redress the wrongs inflicted upon him.

24. The conduct of Defendants was intentional, willful, wanton and outrageous entitling Plaintiff to an award of punitive damages.

## VI.
### DAMAGES

25. The unlawful conduct described in the foregoing paragraphs has caused and been a producing cause of actual damages to Plaintiff, including but not limited to loss of incidental time, costs incurred in repairing his credit history, embarrassment, humiliation, injury to Plaintiff's credit reputation, and subsequent denial of credit.

## VII.
### JURY DEMAND

26. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in the Southern District of Texas, Houston Division, and hereby tenders the appropriate jury fee.

# VII
## P<small>RAYER</small>

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and upon final hearing that Plaintiff has judgment of and against Defendant as follows:

(a)  a declaratory judgment that Defendant's conduct violated 15 U.S.C. §1692, *et seq.,* T<small>EX</small>. F<small>IN</small>. C<small>ODE</small> §392 *et seq.*, and T<small>EX</small>. B<small>US</small>. & C<small>OM</small>. C<small>ODE</small> § 17.40;

(b)  an award of actual damage pursuant to 15 U.S.C. §1692k(a)(1), T<small>EX</small>. F<small>IN</small>. C<small>ODE</small> §392.403(a)(2), and T<small>EX</small>. B<small>US</small>. & C<small>OM</small>. C<small>ODE</small> § 17.50(b)(1);

(c)  an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and T<small>EX</small>. F<small>IN</small>. C<small>ODE</small> §392.403(e);

(d)  an award of costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3), T<small>EX</small>. F<small>IN</small>. C<small>ODE</small> §392.403(b), and T<small>EX</small>. B<small>US</small>. & C<small>OM</small>. C<small>ODE</small> § 17.50(d);

(e)  an award of treble damages pursuant to T<small>EX</small>. B<small>US</small>. & C<small>OM</small>. C<small>ODE</small> § 17.50(b)(1);

(f)  an award of exemplary damages for the fraudulent conduct; and

(g)  an award such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**MIDDAGH & LANE, P.L.L.C.**

By:  */s/ Robert C. Lane*
Robert C. Lane
Texas Bar No.: 24046263
Federal Id. No.: 570982
5433 Westheimer Road
Suite 875
Houston, Texas 77056
*Telephone*: (713) 581-7358
*Facsimile:* (713) 581-7359

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**